## Appeal of Adele H. Barger, et al.

## Appeal of Hirst, administrator, etc.

## Appeal of The Philadelphia Trust, Safe Deposit and Insurance Company.

## Appeal of Edwin De Forrest Hirst.

1. A testator, by his will, devised and bequeathed to his wife his whole residuary estate, in trust, to apply one third the net income to herself, and two-thirds part thereof among his children, each child to have an equal share. At the expiration of seven years from his death, testator authorized his wife to make partition of his estate among his children in equal shares, (or if any should die, to their children the parent's share), said partition to vest the estates according to the terms thereof, as fully as if therein devised. Testator further empowered his wife to make said partition upon such trusts and limitations as she should see proper, and directed, that until said partition, no interest in his estate should vest in his said children. Testator further empowered his wife in her discretion to retain the whole or any part of each child's share, and to incorporate the same in said partition. *Held*, that no interest in the principal of testator's estate vested until the expiration of seven years from his death and the making of the partition as aforesaid, and that where the income arising from any share was retained in accordance with the discretionary power in the will, the same became a part of the principal, and did not vest until the share of which it formed a part was allotted.

2. Where one of said testator's children mortgaged his whole interest in his father's estate, and died before the expiration of seven years from testator's death, *Held*, that he had no vested interest which could pass by the mortgage, and that, therefore, the mortgagee was not entitled to the income of the share of such child, accruing after his death.

3. Where such mortgagee had express notice prior to the mortgage of the fact that the mortgagor had no vested interest in his father's estate, and did not take any possession of the property sought to be mortgaged, prior to the death of the mortgagor, *Held*, that she had no equity to sustain her claim.

4. Where a son of said testator died intestate within seven years of his father's death, leaving a child, and after his death, testator's wife retained the income of his share of the estate, *Held*, that the administrator of said son could not claim the undistributed income, but that the same passed to the child of such son by substitution, and not by transmission through his father.

5. The discretionary power conferred by said testator upon his wife, of retaining the whole or any part of a child's income, and including the same in the partition, was not in conflict with the statute forbidding accumulations.

6. The trustees of an estate embracing a ground-rent which was much in arrear, agreed with the owners of the property upon which the rent was reserved, that said property should be leased for a term of years, the rents to be paid to the trustees, they to pay certain taxes already accrued and to accrue. This was done in order to obviate the necessity of selling the property at judicial sale, and probably being obliged to buy in the same to protect the interests of the estate. Upon the filing of the account of the trustees: *Held*, that as the arrangement appeared to have been made to aid both capital and income, the trustees should divide the gross disbursements for taxes equally between the capital account and the income account.

April 5th 1882. Before SHARSWOOD C. J., MERCUR, GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT, J., absent.

APPEALS from a decree of the Orphans' Court of *Philadelphia county :* Of January Term 1882, No. 296.

These were appeals by Adele H. Barger et al., children of William L. Hirst, deceased, Anthony A. Hirst, administrator of the estate of William L. Hirst, Jr., deceased, The Philadelphia Trust, Safe Deposit and Insurance Company, trustee under the will of said William L. Hirst, deceased, and Edwin De Forrest Hirst son of said William L. Hirst, Jr., deceased, from a decree of said court dismissing the exceptions to, and confirming the adjudication of the judge auditing the account of The Philadelphia, Trust, Safe Deposit and Insurance Company, administrators d. b. n. c. t. a. and trustees under the will of said William L. Hirst, deceased.

Before the auditing judge (PENROSE, J.), the following facts appeared in evidence :—

William L. Hirst died August 30th 1876, leaving a widow and eleven children. By his will, which was duly admitted to probate, he provided as to his residuary estate as follows :

"Fifth. I give, devise and bequeath to my wife, Lydia Barton Hirst, all the rest, residue and remainder of my estate real and personal, in trust, to apply the net income thereof as follows : one-third part to herself during her widowhood, and two-third parts thereof to be divided into as many shares as the number of my children living at the time of my death, each share for the use of each child respectively ; the share of my son Stephen to be paid to Thomas J. Barger, to be paid and

[Barger's Appeal.]

applied by him for Stephen in his discretion. And I hereby appoint my said wife guardian of my minor children, to expend and apply their shares, while minors, in her discretion, without accounting to them or any one soever."

"Sixth. I give to my said wife full and absolute power and authority to sell all my real estate, except No. 528 Walnut street, and No. 211 South Sixth street, at any time, and make perfect title to the purchasers, the proceeds to be invested and treated as realty, not personalty: and at the expiration of seven years from my death, I hereby authorize and fully empower my said wife, at any time in her discretion, to make partition of all my real estate then unsold to and among my children (or if any shall die, to their children the parent's share), according to the proportions named in article 'Fifth' above written, with power to allot any one property to more than one share, and to make any share or shares equal, to charge one or more shares in favor of any other share or shares, or make equality by allotting other property or funds to any deficient share; the share of Stephen to be allotted in trust to Thomas J. Barger as aforesaid. And the said partition and allotment so made by declaration under her hand and seal, and acknowledged and recorded, shall vest the estates according to the terms thereof as fully as if herein devised. And my said wife shall, in the said partition and declaration, allot to and vest the shares of all my children, except the eldest six, in herself as trustee of said younger children, upon such trusts as she shall in said declaration set forth and establish.

"And my said wife shall at that time, or at any time thereafter in her discretion, make distribution of all the remainder of my estate according to the interests and proportions named in said article 'Fifth,' securing to herself in said declaration and distribution her interest defined in said article 'Fifth.'

"And I expressly declare and order, that my said wife may, in said declaration and said distribution, make and declare any and all trusts and limitations as she may then deem necessary or proper for the welfare of my children, or any and each of them: and that until then no interest in my estate shall vest in them, or either of them, except as provided in said article 'Fifth'; and as to that interest, my said wife may, in her discretion, retain the whole or any part of each child's proportion until said declaration or distribution, and incorporate it therein.

Seventh. I appoint my said wife executrix of this my will.

By a subsequent codicil testator provided, inter alia, as follows:

"I hereby revoke and alter two provisions in my will:—

"First. By reason of the birth of my son, John Cook Hirst, since its date, I direct that eleven shares, instead of ten shares of my estate, be made ; one share to said John Cook Hirst, in all respects as if his name had been written in the will as one of my eleven children, subject in all respects as therein written.

"Second. I direct that the shares of all my minor children shall be held by my wife for their support and education, without any liability to account therefor to any one, including my last-born son, until the majority of each; this provision to stand in my will instead of the provision therein contained relating to their support and education, which I revoke, and substitute this."

Letters testamentary were issued to Mrs. Hirst, who subsequently, however, became of unsound mind, whereupon letters d. b. n. c. t. a. were issued to the present accountant, who was also substituted as trustee.

One of testator's sons was named William L. Hirst, Jr. said son was indebted to Mary Clark, and was in 1878, solicited by her for an assignment of all his interest in his father's estate in order to secure said debt. William L. Hirst, Jr., declined to execute such an assignment, but on October 28th 1878, gave to said Mary Clark a bond for $1,500, accompanied by a mortgage of all his interest in his father's estate, which mortgage contained the usual thirty day clause and was duly recorded November 25th 1878.

Interest was punctually paid upon this mortgage while William L. Hirst, Jr., lived, the last payment being made January 28th 1880. On March 17th 1880, William L. Hirst, Jr., died, and thereafter interest on the said mortgage remained unpaid. Mary Clark at once notified the accountant of her mortgage, and claimed that all sums of money otherwise payable to William L. Hirst, Jr., should be paid to her.

On the audit, it was claimed, on behalf of said Mary Clark, that all income from the estate accruing to William L. Hirst, Jr., after her notice, should be paid to her on account of the mortgage, and that the accountants should not be credited with payments made in disregard of said notice.

Upon this point the auditing judge adjudicated, inter alia, as follows :—

" The only question to be determined is : Had William L. Hirst, Jr., any interest in his father's estate at the time of filing these accounts, or did his interest cease when he died ?

" As the time for distribution of the corpus of the estate will not arrive until at least as late as August 30, 1883, it is unnecessary now to consider his interest in such corpus, as whether it

was vested in the real estate so far as to give a preference in its descent to his brothers and sisters of the whole blood.

" But with regard to the income until the time for distribution of the principal, it seems clear that he had a vested interest —not limited to the duration of his own life.   The legal estate is given to the widow until the time·fixed for distribution, in trust to pay one-third of the income to herself during her widowhood, and the balance, to the children of testator, living at the time of his death, without any limitation as to the period for which it is so to be paid, other than the time appointed for final distribution.

" In the meantime she may sell real estate (the proceeds to be regarded as real estate), and in making distribution she may make such limitations, not however affecting the size or amount of the share, as she may think necessary or proper for the welfare of the testator's children or any of them. [How far this right is affected by the present condition of her mind, and in whom, in the meanwhile, the inheritance of the estate is vested is a question not now arising.] The testator himself, while declaring that until the final distribution of the estate no interest shall vest in his children, expressly excepts their interest in the income, which he recognizes as having vested in them under the provision made with regard to its payment to them—a recognition which is repeated in a somewhat different shape in the second codicil.   It is true that he undertakes to qualify their interest in the income by providing that his wife " may, in her discretion, retain the whole or any part of each child's proportion until said declaration or distribution, and incorporate it therein," but this is in effect a trust for accumulation, which, so far as concerns children not minors is void altogether, and so far as concerns those who are, is void with regard to the direction to capitalize (" to incorporate it therein "). Washington's Appeal, 25 Smith 102, &c., &c., &c.   The provision that in making partition, distribution, ' if any shall die' shall be ' to their children the parent's share,' merely indicates the order of succession, and does not reduce the estate vesting at the testator's death : Boraston's Case, 3 Coke 21, a; Manderson *v.* Lukens, 11 Harris 31 ; Womrath *v.* McCormick, 1 Smith 504 ; Crawford *v.* Ford, 7 W. N. C. 533.   See also Bayard *v.* Atkins, 10 Barr. 158.

So much of the net income during the period covered by the accounts filed by the accountants as have accrued upon the share of William L. Hirst, Jr., since the date of his death, and since the date of the first default made in the payment of the interest due on the said mortgage (viz., April 28th 1880), is therefore awarded to Jos. W. Hunsicker, Esq., as attorney for Mary Clark, on account of said mortgage.

Among the assets of the estate was a ground rent of $3,900 issuing out of the West End Hotel. The rent had been unpaid for several years and the property was further incumbered by unpaid taxes and water rent. In order to prevent the necessity of selling out the property for arrears of the rent and probably being obliged to buy in the same, the trustees on April 16th 1879, entered into written agreement whereby it was arranged that the property should be rented for five years, the rents to be paid to the accountants, who were to discharge all taxes and water rent already accrued and to accrue and to apply any balance on account of ground rent. In pursuance of this arrangement, accountants received $3,500 and paid out $5,609.48 for taxes and water rent. These items were included in the income account. The auditing judge ordered that portion of the last item paid for taxes, etc., accruing prior to the making of said arrangement to be stricken from the credits in the income account and transferred to the capital account.

Exceptions to this report were filed by Adele Barger et al., children of William L. Hirst, claiming as next of kin of William L. Hirst, Jr., deceased, on the ground that the auditing judge erred in awarding any part of the share of said William L. Hirst, Jr., to Mary Clark. The accountants also filed exceptions, on the ground that the auditing judge erred in ordering the above credits to be transferred from the income to the capital account.

The court, in an opinion by ASHMAN, J., dismissed the exceptions and confirmed the report.

Adele H. Barger et al. thereupon took this appeal, assigning for error the dismissing of their exceptions and the decree of the court.

Anthony A. Hirst, administrator of William L. Hirst, Jr., also appealed, assigning for error the decree awarding any part of the appellant's intestate's share of his father's estate to Mary Clark, and the refusal to award the same to appellant.

The Philadelphia Trust, Safe Deposit and Insurance Company also appealed, assigning for error the dismissing of its exceptions and the decree of the court.

After these appeals had been taken, Edwin De Forrest Hirst, a son of William L. Hirst, Jr., deceased, appeared by his guardian, O. D. Kinney, and presented a petition praying to be allowed to intervene as a party appellant, having been entirely unaware of the present litigation until after the record thereof had been removed into the Supreme Court. The prayer was granted, whereupon Edwin De Forrest Hirst assigned for error the action of the court in decreeing that William L. Hirst, Jr., had a vested interest, continuing after his death, in the income of his father's estate.

[Barger's Appeal.]

*Rowland Evans* (with whom was *Richard L. Ashhurst*), for Adele Barger et al., Anthony A. Hirst, administrator, and the Trust Co., appellants.—Under testator's will no estate or interest vests in his children as to the corpus of his estate until the the time appointed for the distribution thereof among the children, viz., at the expiration of seven years from testator's death. It was competent for testator thus to provide: Glanville *v.* Glanville, 2 Mer. 38; Comfort *v.* Austen, 12 Sim. 246; Wakefield *v.* Dyott, 4 Jur. (N. S.) 1098.

The interest of William L., Jr., in the share of the income of the estate of his father was not such interest as he could assign or mortgage.

There was no absolute gift of income at all—merely a directtion " to apply the net income at the discretion of the trustee—the portion retained to be incorporated with the corpus of the estate:" Brown *v.* Williamson's Executor, 12 Casey 339; Ashhurst *v.* Given, 5 W. & S. 330; Keyser *v.* Mitchell, 17 P. F. S. 477; Huber's Appeal, 30 P. F. S. 350; Horwitz *v.* Norris, 13 Wright 213.

The interest given William L. Hirst, Jr., as one of the children of William L. Hirst, Sr., deceased, by the will of the latter in the income of the estate from testator's death to the time of partition, was at most a chattel interest. Mary Clark, the mortgagee thereof, not having taken possession before the death of the mortgagor, and having had no right to take possession until default, which did not occur until after the mortgagor's death, has now no right to take the mortgaged fund as against the administrator of the mortgagor: Kater *v.* Steinruck's Administrator, 4 Wright 503; Fitler *v.* Shotwell, 7 W. & S. 16; Building Association *v.* Bolster, 11 Norris 123.

The purpose of the agreement as to the hotel property was to benefit the income of the estate; therefore, the charges under the agreement to be paid by the trustees, should be borne by income.

*Angelo T. Freedley*, for Edwin De Forrest Hirst, appellant.—It is clear that no interest in the corpus of the estate vested until the period fixed by the testator for such vesting, viz., August 30th 1883. The limitation contravenes no rule of law, it is not in violation of the rule of perpetuities, and the validity and effect of such dispositions are no longer open questions: Glanvill *v.* Glanvill, 2 Mer. 38; Wakefield *v.* Dyott, 4 Jur. (N. S.) 1098; Russel *v.* Buchanan, 2 Cr. & Mees. 561; S. C., 7 Simons 628; Griffith *v.* Blunt, 4 Beavan 249; Rowland *v.* Tawney, 26 Id. 67; Comfort *v.* Austen, 12 Simons 218, 246; In re Thruston, 17 Simons 21; Selby *v.* Whittaker, L. R. 6 Ch. Div. 239.

It is also clear that it was not intended by testator, that any interest in the income should vest until that period. A trust " to apply " leaves the same discretionary with the trustee: Godden *v.* Crowhurst, 10 Simons 656 ; Kearsley *v.* Woodcock, 3 Hare 185 ; Twopeny *v.* Peyton, 10 Simons 487.

This discretionary power does not violate the rule against perpetuities: Brown *v.* Williamson, 12 Casey 338 ; Keyser *v.* Mitchell, 17 P. F. S. 43 ; Huber's Appeal, 30 P. F. S. 349.

" It is well settled that where the capital does not vest until a certain time, a direction to apply the income in the meantime, has invariably been considered as a mere provision for maintenance to those who may be ultimately entitled to the capital, and not as accelerating the vesting of either capital or income, and that the right to the income ceases when the right to acquire the capital ends : Wakefield *v.* Dyott, 4 Jurist, N. S. 1098 ; Comfort *v.* Austen, 12 Simons 218, 246 ; Pleasonton's Appeal, 3 Out. 363.

There was, therefore, no vested interest in William L. Hirst Jr. to pass by his mortgage, and appellant, being substituted legatee by the express terms of the will, is entitled to the amount in question.

*Joseph W. Hunsicker,* for the appellee.—The interest of William L. Hirst, Jr., under his father's will, was a vested interest in fee, alienable by mortgage or otherwise : Leech *v.* Robinson, 24 P. F. S. 273 ; France's Executors, 25 P. F. S. 220 ; Crosky *v.* Dodds, 6 Norris 359 ; Millard's Appeal, 6 Norris 457 ; Cooper *v.* Pogue, 11 Norris 254 ; Robert's Appeal, 9 P. F. S. 70 ; Parker's Appeal, 11 P. F. S. 478 ; Appeal of Pennsylvania Co., 2 Norris 312 ; Amelia Smith's Estate, 11 Harris 9 ; Manderson *v.* Lukens, 11 Harris 31 ; Womrath *v.* McCormick, 1 P. F. S. 504 ; Crawford *v.* Ford, 7 W. N. C. 533 ; Bayard *v.* Atkins, 10 Barr 15.

The clause authorizing retention of income is in contravention of the rule against perpetuities : Washington's Estate, 25 P. F. S. 102.

The decree of the court transferring certain items from the income to the principal account was correct. Clearly Wm. L. Hirst, Jr.'s, administrator has no standing here.

The fund, that he claims, accrued since the death of Wm. L. Hirst, Jr., and is the rents of real estate, which would go to the heir, and not the administrator, were the appellee, Mary Clark, out of the way. Even if personalty, the administrator could not take it out of the possession of the mortgagee.

Mr. Justice Mercur delivered the opinion of the court, October 2d 1882.

These four appeals are from the same decree. They were argued together. The main contention is whether William L. Hirst Jr. had a vested interest, continuing after his death, in the income of his father's estate? William L. Hirst, Sr., died August 30th 1876, leaving a widow and eleven children. William the junior died intestate, March 17th 1880, leaving a son, Edwin, one of the appellants.

After disposing of certain specific property, William L. Hirst, Sr., in the fifth article of his will, devised and bequeathed to his wife all the residue of his real and personal estate in trust, to apply one-third the net income to herself during her widowhood, and two-third parts thereof among his children living at the time of his death, each child to have an equal share. In the sixth article, after giving to his wife full and absolute power and authority to sell at any time, and to make title to all his real estate, except two pieces specified, the proceeds to be invested and treated as realty; the testator proceeds, "and at the expiration of seven years from my death, I hereby authorize and fully empower my said wife, at any time in her discretion, to make partition of all my real estate then unsold, to and among my children, (or if any shall die, to their children the parent's share) according to the proportions named in article fifth." After giving her power to allot the several shares, and charge such as may be necessary to equalize their values, it proceeds, "the said partition and allotment, so made by declaration under her hand and seal, and acknowledged and recorded, shall vest the estates according to the terms thereof, as fully as if herein devised. And my wife shall, in said partition and declaration, allot to and vest the shares of all my children, except the eldest six, in herself as trustee of said younger children, upon such trusts as she shall, in said declaration, set forth and establish. And my said wife shall, at that time, or any time thereafter in her discretion, make distribution of all the remainder of my estate, according to the interests and proportions named in said article fifth." The testator further proceeds, "and I expressly declare and order that my said wife may, in said declaration and said distribution, make and declare any and all trusts and limitations as she may then deem necessary or proper for the welfare of my children, or any or each of them ; and that until then, no interest in my estate shall vest in them, or either of them, except as provided in said article fifth ; and as to that interest, my said wife may, in her discretion, retain the whole or any part of each child's proportion, until said declaration or distribution, and incorporate it therein." William L. Hirst, Jr., was one of the six elder children.

It is very clear the testator did not intend, that on his death any estate should vest in his son. The property was not given

[Barger's Appeal.]

to him, but to the wife of the testator in trust. On or after the expiration of seven years from the death of the latter, she was authorized to make partition and allotment among all the children. This partition and allotment then made was to vest the estate in each one to whom a portion was allotted. This language clearly precluded the idea that an estate vested in any child prior to that time. Not only must the seven years have expired, but his wife must have made the distribution, and declared all trusts and limitations that she thought proper. To remove all doubt as to the intention of the testator as to the time any estate should vest in his children, he proceeds to declare, "until then, no interest in my estate shall vest in them, or either of them." The exception referred to the income only. It will be observed, however, that during the seven years there was no express devise of income to the children in the fifth article; but his wife was " to apply " the same for their benefit. That, however, was so changed in the sixth article as to leave it discretionary with her, whether to apply any part of the income within the seven years, or to withhold all of it until the distribution of the corpus of the estate was made, and then incorporate in each child's proportion the sum thus withheld. When the income arising from any share was so retained, it became a part of the principal, and did not vest until the share of which it formed a part was allotted.

In case of the death of any of the children within the seven years, and consequently before any partition or allotment made, then the portion which the parent otherwise would have received, was to be allotted to, and vested in, the child or children of the one so dying. In such contingency, no interest vested in the child of the testator ; but the estate passed directly from the testator to the grand-child. The fact that the trustee was authorized in her discretion to apply some or all of the income for the benefit of the children, did not vest it in any child, until so applied. The gift takes effect only in the issue of the dead child, and is, therefore, a substantive gift to the issue : Theobald on Wills 494. The application of income for the benefit of the children, within the seven years, rested solely in the discretion of the trustee. During that time nothing tangible passed to the children on which they could execute a valid mortgage. Perry on Trusts, sections 386a and 386b. The right to the income ceased when the right to acquire the capital was barred : Comfort v. Austen, 12 Simons 218. As then under the discretionary power of the trustee she did retain the undistributed income, it did not vest in William L. Hirst, Jr., and his administrator cannot now claim it : Huber's Appeal, 30 P. F. Smith 348. This view in regard to discretionary powers is not in conflict with the statute forbidding perpetuities : Brown v.

[Cox *v.* Highley.]

Williamson's Executors, 12 Casey 338; Huber's Appeal, supra. The appellant, Edwin De Forrest Hirst, did not take the estate by transmission through his father, William L. Hirst, Jr., but took that which the latter might have acquired, had he lived until the expiration of the seven years: Pleasonton's Appeal, 3 Out. 363. The appellee presents no equities arising from ignorance of the mortgagor's holding no vested interest when she took the mortgage. He had previously notified her in writing that "by the provisions of the will, no interest of any kind whatever vests in myself or in any of the children, until the execution of the deed of distribution, seven years after the death of my father." She did not take any possession of the property sought to be mortgaged, prior to the death of the mortgagor. The court, therefore, erred in decreeing any portion of the fund to Mary Clark.

The question whether the sums aggregating $5,680.16 should be chargeable to income account or to principal, is not free from difficulty. We cannot agree with the conclusion of the auditing judge, that they were paid exclusively to preserve the capital of the estate, nor are we able to see that they enured exclusively to the benefit of the income fund. The object of the agreement of April 16th 1879, appears to have been to aid both income and capital. These sums were paid in furtherance of that object. Each, therefore, should bear a share, and it seems to us equitable to divide this gross sum equally between income and principal. Further than this, the assignments of error are not sustained.

The appeal of Anthony A. Hirst, administrator of William L. Hirst, Jr., is dismissed at his costs. As to the several other appellants, the

Decree is reversed, and it is ordered that distribution be made conformably with this opinion. It is further ordered that the appellants each pay one half of the costs of their respective appeal, and the appellees the other half.